UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA SUAREZ,

          Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

          Defendant.

CASE NO. C12-5035 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21), and Plaintiff Joshua Suarez's ("Suarez") objections to the R&R (Dkt. 22).

On December 14, 2012, Judge Strombom issued the R&R recommending that the Court affirm Defendant's decision to deny benefits. Dkt. 21. On December 28, 2012, Suarez filed objections. Dkt. 22. On January 7, 2013, Defendant responded. Dkt. 23. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

ORDER - 1

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

In his initial briefing and in his objections, Suarez argues that the ALJ did not provide specific and legitimate reasons for rejecting the opinions of examining psychologists Daniel Neims, Psy.D. and Redmon, Psy.D.  Dkts. 13 & 22.  Defendant contends that Suarez's objections are "simply [reiterations of] the arguments he made in his original pleadings."  Dkt. 23 at 1.  The Court agrees to a certain extent; however, Suarez does object to certain portions of the R&R.  Therefore, the Court addresses these objections.

With regard to Dr. Neims, Suarez disagrees with the R&R on multiple issues and offers one specific objection.  The disagreements merely ask the Court to reach a different conclusion than Judge Strombom, and the Court declines to do so.  Suarez also argues that the R&R's "conclusion that Dr. Neims's observations fail to support the degree of limitation he assessed in social functioning is a finding of fact by the Magistrate Judge addressing evidence which the ALJ admittedly failed to address."  Dkt. 22 at 7.  Suarez contends that Judge Strombom's evaluation of the record amounts to improperly affirming the ALJ on grounds that were not articulated by the ALJ.  *Id*.  Although it may be inappropriate to guess that an examining physician based his opinion on subjective self-reports, the Court may review the record to determine an absence of medical evidence to support the opinion.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008).  On this issue, Judge Strombom stated that "the mental status examination and

psychological testing results do not suggest [Dr. Neims's diagnosed] level of severity . . . ." Dkt. 21 at 9. As to this conclusion, the Court adopts the R&R because the record does not support Dr. Neims's diagnosis.

With regard to Dr. Redmon, Suarez's objections are very similar to his initial arguments. Moreover, Suarez fails to mention the R&R on this issue, let alone identify a specific error. The Court has reviewed the R&R and finds no error. Therefore, the Court adopts the R&R as to Dr. Redmon.

The Court having considered the R&R, Suarez's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The decision of defendant is **AFFIRMED**; and

(3) The Clerk shall close this case.

Dated this 7th day of February, 2013.

BENJAMIN H. SETTLE
United States District Judge